Argued September 19, affirmed November 28, 1951

# HALLOWELL ET AL. *v.* BIRD and ZYSSET
238 P. 2d 217

*Norman K. Winslow,* of Salem, argued the cause and filed a brief for respondents.

*George A. Rhoten,* of Salem, argued the cause for appellants. On the brief were Fred A. Williams and Rhoten & Rhoten, of Salem.

Before HAY, Acting Chief Justice, and LUSK, LATOURETTE, WARNER and TOOZE, Justices.

LUSK, J.

The defendants have appealed from a judgment against them, based on the verdict of a jury, in an action to recover damages for deceit inducing the purchase of a tractor by the plaintiffs from the defendants.

There are two assignments of error, the first based on the denial of defendants' motion for a directed verdict on the ground, as stated in the motion, that "there is no showing of damage." For an understanding of the point relied on it is necessary to refer to the following allegations of the complaint:

"II.

"That on or about the 23d day of December, 1947, defendants sold to plaintiffs at Salem, Oregon, a D-4 caterpillar tractor for the sum of $6,827.

"III.

"That prior to and on or about the date of said sale, and in order to induce the plaintiffs to purchase said D-4 caterpillar tractor, defendants falsely, fraudulently, wilfully and maliciously represented to the plaintiffs that said D-4 caterpillar tractor was a 1945 model, was in first class working order and, when delivered to the plaintiffs, would be fully armored and equipped with a Hyster drum.

"IV.

"That said representations and all of them were false, in that said D-4 caterpillar tractor was a 1937 model, was almost completely worn out as to condition, and ran for only a short time after the plaintiffs accepted delivery of the same, and said tractor was neither fully armored nor equipped with a Hyster drum.

\* \* \* \* \*

"VI.

"That defendants knew that such representations were false and made no attempt to comply with said representations as far as the equipment of said tractor was concerned, and had no intention of so equipping said tractor at the time the representations above set forth and alleged, with reference to the equipment of said tractor, were made.

"VII.

"That plaintiffs paid to defendants for said caterpillar tractor the sum of $6,827. That the

reasonable market value of a 1937 model D-4 caterpillar tractor of the kind and description actually delivered to plaintiffs at the time and place of said sale was and is the sum of $3,500.

"VIII.

"That by reason thereof and on account of the false representations of the defendants as above set forth and alleged, with reference to the model and condition of said caterpillar tractor, plaintiffs have been and are damaged in the sum of $3,000. That on account of the false representations above set forth and alleged, with reference to the armoring and equipping of said tractor with a Hyster drum, plaintiffs have been and are damaged in the sum of $327."

It will have been observed that the plaintiffs, instead of alleging that their entire damage was caused by the misrepresentations alleged, as is customarily done, have split up their claim into two parts and charged that $3,000 of their damage was caused by the misrepresentations respecting the model and condition of the tractor, and the remainder, $327, by the misrepresentations respecting the armor and the Hyster drum. It is this novel method of pleading, together with the ruling of the court now to be stated, that creates the problem presented by the first assignment of error.

In its instructions, the court, on motion of the defendants, withdrew from the jury the allegations that the defendants fraudulently represented that the tractor, when delivered, would be fully armored and equipped with a Hyster drum. The court further charged the jury that "the measure of damages in this case is the difference between the price paid for the D4 Caterpillar and its actual market value according to the evidence in this case, keeping in mind that

you are not to consider as damages, if any, anything growing out of the representations relating to the drum or of the representations relating to armoring of the tractor.'' And the court further charged the jury with respect to damages that the plaintiffs were not entitled to recover anything ''exceeding the sum of $3,000.00, that being the amount of damage which is claimed in the pleadings.''

The verdict was in the sum of $3,000.

The defendants now say that there is no evidence which would warrant a verdict in that or any other amount. They argue that the measure of damages in a case of this kind is the difference between the represented value of the property purchased and its actual market value at the time and place of delivery; that the claimed damages in the sum of $327, attributed by the plaintiffs in their complaint to the false representations concerning the drum and armor, were eliminated from the case by the court; that the only evidence of actual value of the property delivered related to the entire machine, including the armor and the drum with which it was equipped, and there was no evidence of the value of the tractor apart from the armor and drum.

From all this it is concluded that one of the factors —the actual value of the property delivered—needed for determining damages, is missing.

There was evidence, to wit, the price charged, that the represented value of the tractor was $6,827, and evidence that its actual value at the time and place of delivery was $3,500, a difference of $3,327. In the ordinary case, there being evidence, as there is here, that the defendants made fraudulent representations as to the model of the machine and its condition which induced plaintiffs to purchase it, plaintiffs would have

been entitled to recover the full sum of $3,327 in accordance with the measure of damages which the defendants concede and which was correctly given to the jury by the court in its instructions. That is not true here because the plaintiffs have chosen to divide their claim for damages into two parts in the manner above indicated; and have limited their right of recovery on account of the fraud which the jury were permitted to consider to a lesser sum than the law would otherwise have given them. But, subject to the deduction which the jury was required to make under the instructions of the court, the measure of damages remained the same. The pleadings and the evidence show that there was but one transaction— the sale of a tractor equipped with armor and drum for a single purchase price of $6,827. The argument of the defendants, however, seems to proceed upon the assumption that there were two sales, one of the tractor and the other of its armor and Hyster drum. Were that the case, their contention might have merit. But, since there was only one sale, it was unnecessary for the plaintiffs to introduce evidence of the value of the tractor separate and apart from the value of the drum and armor. Such a method of arriving at a basis for computing damages is unknown to the law. Furthermore, it was not necessary for the plaintiffs to establish all the fraudulent conduct alleged; proof of one or more false, material representations inducing the sale, was sufficient. Plaintiffs' method of pleading their case did not change the law applicable to it, although it did affect the amount of their recovery, and gave the defendants an advantage to which otherwise they would not have been entitled. In our opinion the motion for a directed verdict was properly denied.

■ The only other assignment of error reads as follows:

"THE COURT ERRED IN ADMITTING THE TESTIMONY OF THE WITNESS BRANDT. (See Bill of Exceptions, page 5.)

"The sale took place in December, 1947. Brandt did not see the tractor until November, 1948."

The reference to page 5 of the Bill of Exceptions appears to be the following:

"EXCEPTION NO. 3

"It is asserted that the court erred in admitting the testimony of the witness Brandt as to the alleged worn out condition of the tractor in question after November 12, 1948. (Tr. pp. 119 to 132) * * *"

Section 3. a. of Rule 13 of the rules of this court, relating to the preparation of briefs, reads in part as follows:

"ASSIGNMENTS OF ERROR IN ACTIONS AT LAW. Each assignment of error shall be clearly and succinctly stated under separate and appropriate headings. * * *

"The following arrangement and wording, as far as applicable, together with reference to page of bill of exceptions, are required:

"The court on examination of witness —————— erred in sustaining (or failing to sustain) objection to the following question: (Set forth question, the objection made, the answer given, if any, and offer of proof, if any, all haec verba)".

The assignment of error in question does not comply with the rule. It sets forth no question, no objection, and no answer, and contains no reference to any page of the bill of exceptions or transcript of testimony, which is made a part thereof, where the specific questions to which objections were made and the objections and the answers received may be found. In repeated

decisions we have called attention to this rule and the necessity of its observance. See, among other cases, *Penn v. Henderson,* 174 Or. 1, 12, 146 P. 2d 760; *State v. Aschenbrenner,* 171 Or. 664, 666, 138 P. 2d 911, 147 A.L.R. 1052; *Blue v. City of Union,* 159 Or. 5, 20, 75 P. 2d 977.

The rules are printed in Volume 190 of the Oregon Reports, commencing at p. 689. Obvious indifference to them on the part of some members of the Bar led the court to resort to the expedient of printing Rule 13 (the one most frequently ignored) in a conspicuous place in the Advance Sheets, with a notice that the court expected compliance with the rules by attorneys. Rule 13 is not difficult to understand nor to observe. Rule 2 provides:

"In appeals in actions at law no alleged error of the circuit court will be considered by this court unless regularly assigned as error in the appellant's opening brief, except that this court reserves the right to take notice of an error of law apparent on the face of the record. * * * "

The purported assignment of error presents no question for the consideration of the court.

The judgment is affirmed.